IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND,<br>200 Saint Paul Place<br>Baltimore, Maryland 21202,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KRISTI NOEM, Secretary of Homeland Security,<br>2707 Martin Luther King Jr. Ave. SE<br>Washington, D.C. 20528<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>2707 Martin Luther King Jr. Ave. SE<br>Washington, D.C. 20528<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th St., SW<br>Washington, D.C. 20536<br><br>TODD M. LYONS, Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement,<br>500 12th St., SW<br>Washington, D.C. 20536,<br><br>　　　　　Defendants. | Civ. No. 1:26-cv-733-BAH |

## JOINT MOTION TO ENTER BRIEFING SCHEDULE

On March 11, 2026, this Court granted Plaintiff State of Maryland's motion for temporary restraining order, ECF 8, and on March 13, Defendants confirmed that they had stopped all work at the site of the proposed detention facility, ECF 9.

1

The parties have conferred, through counsel, and generally agree that the Court should enter a briefing schedule governing Plaintiff's forthcoming motion for preliminary injunction. However, the parties disagree on the precise schedule that should be entered. The parties accordingly set forth their positions concerning their preferred schedules below and respectfully request that the Court issue an Order setting forth the briefing schedule that should govern Plaintiff's forthcoming motion.

**Plaintiff's Proposed Schedule**

Plaintiff intends to file a motion for preliminary injunction as expeditiously as possible, and no later than March 19, 2026. To allow for sufficient time to consider Plaintiff's forthcoming motion, Plaintiff also anticipates moving by this Friday, March 20, 2026, pursuant to Fed. R. Civ. P. 65(b)(2), to extend the Court's Temporary Restraining Order to April 8, 2026.

Plaintiff proposes the following schedule in connection with the anticipated motion:

- **March 19, 2026:** Plaintiff files Motion for Preliminary Injunction.
- **March 20, 2026:** Plaintiff files Motion for Extension of Temporary Restraining Order.
- **March 26, 2026:** Defendants file Opposition to Motion for Preliminary Injunction.
- **April 2, 2026:** Plaintiff files Reply in Support of Motion for Preliminary Injunction.

In its forthcoming motion, Plaintiff anticipates raising additional arguments to those raised in its request for a temporary restraining order that are more apropos to a motion for a preliminary injunction, i.e., regarding the scope of the irreparable harm from Defendants' actions and, correspondingly, regarding the scope of any requested relief. Plaintiff has needed the additional time to prepare its motion beyond what it filed for its request for a temporary restraining order so as to consult with relevant client agencies and to gather the necessary facts in support of such arguments. Otherwise, Plaintiff anticipates that the vast majority of arguments and alleged facts

2

in the motion for preliminary injunction will significantly overlap with those set forth in the motion for a temporary restraining order.

The above briefing schedule additionally provides Defendants with sufficient time to file their opposition, given that Defendants have been apprised of the majority of Plaintiff's allegations and arguments since March 10, 2026, when the motion for temporary restraining order was filed. ECF 5.  Notably, contrary to Defendants' assertion below, Plaintiff did not take "15 days to draft its motion for temporary restraining order."  Rather, on March 6, 2026, Plaintiffs became aware of Defendants' award of a contract to renovate and open the facility for operation by May 4, 2026. ECF 5-1 at 12.  This triggered the need for a temporary restraining order filed just four days later. Under Plaintiff's proposed schedule, in contrast, Defendants will have had 16 days to address Plaintiff's initial arguments and still a week to address any additional arguments raised in Plaintiff's forthcoming preliminary injunction motion.

On the other hand, Defendants' Brief in Opposition will be the first time Plaintiff has seen Defendants' legal arguments, and any related factual disclosures, since the commencement of this litigation.  Plaintiff, nevertheless, proposes only seven days, rather than the 14 days contemplated under the local rules for its Reply brief.  L.R. 105.2.a.  Proceeding with this schedule will allow briefing to conclude as expeditiously as possible, and prior to April 8, 2026, so as not to have a lapse in the temporary restraining order while the preliminary injunction is pending should the Court grant Plaintiff's request to extend its Order.

Plaintiff also proposes page limits of 40 pages for Plaintiff's memorandum in support of its Motion for Preliminary Injunction and Defendants' Brief in Opposition, and 20 pages for Plaintiff's Reply.  Because many of the arguments will overlap with the temporary restraining order, Plaintiff anticipates needing additional pages to address the additional arguments on

irreparable harm and scope of relief that are apropos to their forthcoming preliminary injunction motion.

*** 

On a separate note, in their proposal below, Defendants seek to expand the purpose of this filing beyond addressing the briefing schedule for Plaintiff's forthcoming preliminary injunction to also include questions regarding the scope of the Court's Order. Rather than addressing this question in the separate context of a briefing schedule, Defendants should either file a motion for clarification providing further detail or address these issues in the context of briefing the forthcoming preliminary injunction motion. Without Defendants providing such detail it is unclear, notwithstanding Defendants' anodyne description, whether the work they outline involves major construction that is part of the initial phases to convert the warehouse into a detention facility. Until Defendants properly bring these matters to the Court's attention, however, the status quo should remain and no further construction or retrofitting of the facility should take place. *See* ECF 8 at 2, 13. At the very least, to the extent Defendants bring such a motion for clarification, Plaintiff would ask to have three business days to respond to any such motion to allow for an opportunity to review the further detail Defendants suggest they would provide.

**Defendants' Proposed Schedule**

Defendants will need to review Plaintiff's anticipated motion for a preliminary injunction when it is filed and prepare a response that will go through the appropriate channels of review within the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, and the U.S. Department of Justice. Plaintiff concedes that its preliminary injunction motion will contain additional new factual and legal arguments regarding crucial issues like irreparable harm and the requested relief. But Plaintiff proposes to give Defendants only seven days to respond,

4

when it took 15 days to draft its motion for temporary restraining order, *compare* Feb. 23, 2026 Compl. (Dkt. No. 1) *with* March 10, 2025 Mot. for a Temp. Rest. Order (Dkt. No. 5), and proposes to give itself another nine days to write its preliminary injunction motion. This proposed timeline flies in the face of the local rules and is prejudicial to Defendants. Accordingly, Defendants ask that the Court order their response in opposition be filed within fourteen days of service of Plaintiff's motion, which is the amount of time Defendants are entitled to under the Local Rule 105(2)(a). Defendants also oppose Plaintiff's request for an expansion of word count, as Plaintiff has given no reason that its motion requires additional words, especially in light of the lengthy temporary restraining order brief that it already filed.

Defendants propose the following schedule in connection with the anticipated motion:

- **March 19, 2026:** Plaintiff files Motion for Preliminary Injunction.

- **April 2, 2026**: Defendants file their Opposition to the motion.

Plaintiff states Defendants' Brief in Opposition will be the first time it will see Defendants' legal arguments, and any related factual disclosures; however, this is the nature of motions practice. The movant always sees the other party's arguments for the first time in the response. Plaintiff chose to move for a temporary restraining order, which, per the Federal Rules of Civil Procedure, lapses after 14 days. Therefore, any time crunch created by that lapse is of Plaintiff's own making. If Plaintiff wants to expedite the briefing on its motion for preliminary injunction, it can file its motion earlier or forego its optional reply without shortening the response time to which Defendants are entitled. Defendants will oppose Plaintiff's anticipated motion to extend the Temporary Restraining Order.

In addition, as noted in their March 13 status report (Dkt. No. 9), Defendants have contacted KVG (the vendor) and issued a stop work order, so that all work related to renovation

and construction at the site would cease. Defendants did not understand Plaintiff's TRO motion to ask the Court to enjoin Defendants from taking actions that it would take regardless of the purpose the property is ultimately used for. To that end, Defendants seek clarification that the Court's order allows that activities related to property repair and security be initiated during pendency of the temporary restraining order, as these activities are needed to protect the Federal government's investment in the property and its structural integrity no matter what the property will be used for. Specifically, these activities are: erection of a security fence around the perimeter of the property and installation of security cameras and fiber-optic cable for the building's alarm system to protect against the vandalism or trespass that has occurred at other U.S. Immigration and Customs Enforcement facilities, which could cause the government to suffer irreparable harm, and repairing roof and wall leaks to protect the integrity of the building. If it will assist the court, Defendants can submit a declaration explaining the kind of work proposed and its necessity. The parties conferred on Defendants' request to initiate these activities, and Plaintiff has indicated that it opposes.

Dated: March 17, 2026

Respectfully submitted,

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Robert N. Brewer*
Robert N. Brewer (D. Md. Bar No. 31649)
Steven J. Goldstein (D. Md. Bar No. 32071)
Michael Drezner (D. Md. Bar No 31784)
Adam Kirschner (D. Md. Bar No. 31767)
   *Assistant Attorneys General*
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
rbrewer@oag.maryland.gov
410-576-6924

*Counsel for the State of Maryland*

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY
Trial Attorney (NY Bar No. 4103131)
Natural Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 598-7291
sean.c.duffy@usdoj.gov

*Counsel for Defendants*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2026, the foregoing Joint Motion to Enter Briefing

Schedule was electronically filed using the Court's CM/ECF system, which will effect service on

counsel of record who are registered CM/ECF users.

Dated: March 17, 2026                                    */s/ Robert N. Brewer*
                                                         Robert N. Brewer