**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | \* |
| STATE OF MARYLAND, | |
| | \* |
|    Plaintiff, | |
| | \* |
| v. | |
| | \*        Civil No. 26-733-BAH |
| KRISTI NOEM ET AL., | |
| | \* |
|    Defendants. | |
| | \* |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## <u>ORDER</u>

The Court is in receipt of the parties' joint motion to enter a briefing schedule and for other relief. ECF 11. The Court thanks the parties for conferring on the issues presented in the motion before submitting it for the Court's consideration. For the reasons explained below, the joint motion, ECF 11, will be **GRANTED in part**.

First, the parties' request that the Court enter a briefing schedule for Plaintiff's incoming Motion for a Preliminary Injunction is **GRANTED**. With respect to that incoming motion, the Court sets the following schedule:

- **March 19, 2026:** Plaintiff's Motion for Preliminary Injunction is due

- **April 2, 2026:** Defendants' Opposition is due

- **April 9, 2026:** Plaintiff's Reply is due

The Court also intends to hold a hearing on the preliminary injunction the week of April 13, 2026. The parties are **DIRECTED** to confer and contact chambers with a preferred date for a hearing that week, and a secondary date in the event the Court cannot accommodate the parties' first

choice.  The Court is unavailable on Friday, April 17, 2026.  The parties should note the estimated length of the hearing, ensuring ample time for any witnesses and argument.

Plaintiff's request to extend the page limit for its memorandum in support of the incoming Motion for Preliminary Injunction and Defendants' memorandum in opposition is **GRANTED in part**.  The parties' principal memoranda shall be no longer than 35 pages, inclusive and exclusive of the items indicated in Local Rule 105.3 (D. Md. 2025).  Plaintiff's reply memoranda shall not exceed 20 pages.

Second, Plaintiff indicates its intention to file a motion to extend the temporary restraining order ("TRO"), which Defendants indicate they will oppose.  Plaintiff need not file that motion because in light of the above briefing schedule, the Court **ORDERS** that the TRO is **EXTENDED** until the Court issues a ruling on the incoming Motion for Preliminary Injunction, and no later than Thursday, April 16, 2026.  Pursuant to Federal Rule of Civil Procedure 65(b)(2), for good cause the Court may extend a TRO for a "like period" as its initial duration, so long as its reasons for the extension are entered in the record.  "Although there is little case law on what constitutes 'good cause,' 'a showing that the grounds for originally granting the [TRO] continue to exist' is sufficient, and courts have also found 'good cause' where more time is needed fully to consider the parties' arguments and motions or 'where the moving party need[s] additional time to prepare and present its preliminary injunction.'" *Maryland v. United States Dep't of Agric.*, Civ. No. JKB-25-0748, 2025 WL 919507, at *1 (D. Md. Mar. 26, 2025) (internal quotation marks and citations omitted) (quoting *Costa v. Bazron*, Civ. No. RDM-19-3185, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020)).  To fully consider the parties' arguments on Plaintiff's incoming Motion for Preliminary Injunction and to preserve the status quo during that time, the Court finds that there is

2

good cause for an extension until no later than April 16, 2026.[1]  *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (observing that an *ex parte* TRO serves the "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").  It is the Court's expectation that it will issue a ruling on Plaintiff's Motion for a Preliminary Injunction at or immediately after the hearing.

Third, the Court has reviewed Defendants' request for clarification and/or modification of the TRO.  If Defendants seek to modify or improve the property as described in the filing, *see* ECF 11, at 5–6, Defendants should file a motion seeking to modify the TRO.  The motion should explain precisely what Defendants wish to do and why alternatives that would not involve renovation of the property, such as hiring a security guard, cannot serve as a temporary alternative during the duration of the TRO.  An accompanying declaration explaining the kind of work proposed and its necessity would assist the Court in considering any motion filed.

It is **SO ORDERED.**

Dated: <u>March 19, 2026</u>

<u>                    /s/                    </u>
Brendan A. Hurson
United States District Judge

---

[1] Although the extension is more than 14 days, the Court is adopting Defendants' proposed briefing schedule, rather than Plaintiff's, which provides Defendants more time to file an opposition to the incoming Motion for Preliminary Injunction.