**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| STATE OF MARYLAND,<br>　　　Plaintiff,<br><br>　　v.<br><br>KRISTI NOEM, Secretary of Homeland<br>Security et al.,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-733-BAH |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE POTOMAC RIVERKEEPER NETWORK, WASHINGTON COUNTY INDIVISIBLE, AND CENTER FOR BIOLOGICAL DIVERSITY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Local Rule 105.12(a), Potomac Riverkeeper Network, Center for Biological Diversity, and Washington County Indivisible hereby move for leave to file the attached brief as amici curiae in support of the State of Maryland's motion for a preliminary injunction in this case. Dkt. 15. The proposed brief is attached. In support of the motion, amici state:

*Movants' interest:*

1.　　Amici are local and national groups that advocate for the protection of environmental and human health. Amici therefore have a significant interest in the impact of Defendants' actions on the local environment and community.

2.　　Potomac Riverkeeper Network (PRKN) was established in 2000 to advocate for clean water in the Potomac River and its tributaries. Its goals include advocating for public health and safety and furthering the Potomac River's economic, recreational, and aesthetic value to the over six million people who live in the Potomac River Basin and to the many others who visit it, consume fish and shellfish from it, and recreate in and on its waters. PRKN's mission is to protect the right to clean water for all communities and all those who live in and rely upon the

Potomac and Shenandoah watersheds by stopping pollution, making drinking water safe, protecting healthy river habitats and the livelihoods that depend on its fisheries, and enhancing its use and enjoyment for all.

3.      The Center for Biological Diversity (the Center) is a nonprofit, public interest environmental organization dedicated to the protection of species and their habitats through science, policy, and law. Founded in 1989, the Center is headquartered in Arizona, with offices in Washington D.C. and across the United States. It has more than 1.8 million members and supporters nationwide, including 242,000 in Maryland and the Mid-Atlantic, concerned with the loss of biological diversity. The Center has a decades-long history of advocating for imperiled species and their habitats, including those within the Potomac River watershed. The Center has worked to protect the green floater and brook floater mussels found in Washington County, Maryland, since its Clean Water Act Section 404 Southeast Aquatic Species Petition in 2010, which recognized threats to their survival, the inadequacy of existing regulatory measures, and other factors contributing to their decline.

4.      Washington County Indivisible was founded in February 2025 as a local chapter of Indivisible, a national organization founded in late 2016 to provide a framework for grassroots local advocacy and the defense of democracy. Washington County Indivisible has more than 300 active members who participate in local protests, write letters, advocate with elected officials, provide community care, and organize educational forums on issues including environmentalism.

*The reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case:*

5.      This case concerns Defendants' (the Department of Homeland Security and Immigration and Customs Enforcement) proposed actions to convert an empty warehouse in Hagerstown, Maryland into a detention center to hold up to 1,500 people. The proposed amicus

brief provides a local environmental and ecological perspective that details how the proposed detention facility will significantly harm local waterways and sewage and stormwater systems, species, air quality, and public health and welfare.

6.      Amici's perspective on these effects to the neighboring communities, local water bodies, and the highly sensitive and ecologically important species will help the Court apply all of the prongs under this Court's preliminary injunction standard. *See S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 127 F.4th 457, 466 (4th Cir. 2025). The detention center's likely harmful effects to the surrounding community highlight how ICE has failed to look before it leaps in violation of NEPA. *See Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 ("NEPA ensures that important effects will not be overlooked or underestimated only to be discovered after resources have been committed or the die otherwise cast.").

7.      Without the Court's intervention, Defendants' planned activities are likely to cause irreparable harm to Maryland's interest in the public health of its communities and in critically important natural resources. *See S.C. Dep't of Wildlife & Marine Res. v. Marsh*, 866 F.2d 97, 100 (4th Cir. 1989) ("[E]nvironmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable.") (quoting *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 545 (1987)). Furthermore, the public interest factors weigh in favor of injunctive relief. An injunction would allow time for meaningful participation and review of the environmental effects on the surrounding communities near the site and prevent predictable harms to the environment and public health.

8.      *Authorship:* No party's counsel authored the brief in whole or in part.

9.    *Funding:* No party or its counsel contributed money to fund the preparation and/or submission of the brief.

10.    *Request for consent:* Plaintiff's counsel stated that Plaintiff consents to the filing of this brief. Defendants' counsel stated that Defendants take no position on the filing of this brief.

WHEREFORE, Amici respectfully request that this Court grant their motion for leave to file a brief as amici curiae and enter an order directing the Clerk to docket the brief.

Respectfully submitted this 26th day of March 2026,

<table>
<tr>
<td>

Deena Tumeh
(pro hac vice admission pending)
Rachel Rintelmann
(pro hac vice admission pending)
EARTHJUSTICE
1250 I Street NW
Fourth Floor
Washington DC 20005
Tel: (202) 793-6482
Fax: (202) 667-2356
dtumeh@earthjustice.org
rrintelmann@earthjustice.org

</td>
<td>

*/s/ Daniel H. Waltz*
Daniel H. Waltz (Md. Bar 31307)
Laurel M. Jobe
(pro hac vice admission pending)
CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street NW, Suite 1300
Washington, DC 20005
Tel: (303) 880-9136
Fax: (520) 623-9797
dwaltz@biologicaldiversity.org
ljobe@biologicaldiversity.org

</td>
</tr>
</table>

*Co-Counsel for Amici Potomac Riverkeeper Network, Center for Biological Diversity, and Washington County Indivisible*

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND,
    Plaintiff,

    v.

KRISTI NOEM, Secretary of Homeland
Security et al.,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)

No. 1:26-cv-733-BAH

### [PROPOSED] ORDER

Upon consideration of the MOTION FOR LEAVE TO FILE BRIEF OF AMICI

CURIAE POTOMAC RIVERKEEPER NETWORK, WASHINGTON COUNTY

INDIVISIBLE, AND CENTER FOR BIOLOGICAL DIVERSITY IN SUPPORT OF

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, it is hereby **ORDERED** that

Amici's Motion for Leave is **GRANTED**.

The Clerk shall docket the brief attached to the Motion for Leave.

**ENTERED** this _____ day of _____, 2026.

_____
Brendan A. Hurson
United States District Judge