# Exhibit 2
# DeGregorio Declaration

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**STATE OF MARYLAND**,

    Plaintiff,

v.

**MARKWAYNE MULLIN**, et al.,

    Respondents and Defendants.

Case No. 1:26-cv-733-BAH

## DECLARATION OF ANDREW J. DEGREGORIO

    I, Andrew J. DeGregorio, hereby make the following declaration with respect to the above-captioned matter:

    1.    I am employed by the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Office of Asset and Facilities Management (OAFM), as the Energy and Environmental Programs Manager. I have held this position since September 7, 2025.

    2.    I have been employed by ICE since September 2025. Before starting with ICE, I was a Senior Environmental Protection Specialist with the Federal Emergency Management Agency (FEMA) for nearly thirteen (13) years. For six (6) years before my role with FEMA, I was Director of the Bureau of Military Construction & Engineering/Facilities Design & Project Management Specialist for the Pennsylvania (PA) Army National Guard. Prior to serving as a federal employee, I was an environmental and civil engineering consultant in the private sector since August of 1987. I also served in the U.S. Army Reserve and PA Army National Guard as a

1

soldier/officer from February 1983 through April 2013 (last 15 years as an Engineer Officer)—retiring as a Lieutenant Colonel (LTC).

3. As the ICE Energy and Environmental Programs Manager (Environmental Protection Specialist), along with a staff of seven federal and contracted employees and consultation with DHS—Energy & Environment Division (EED) staff—I provide energy and environmental compliance subject matter expertise and compliance guidance to OAFM and ICE.

4. In my professional experiences, I have had to inspect and assess real property for easements, utility infrastructure, and construction as well as ensure projects' environmental compliance, and am familiar with the elements and requirements of the National Environmental Policy Act (NEPA).

5. The statements contained in this declaration are based upon my personal knowledge, reasonable inquiry, and information made available to me in the course of my official duties from records, systems, databases, other DHS employees, and/or information portals maintained and relied upon by DHS.

6. As the Energy and Environmental Programs Manager, I am familiar with the newly acquired ICE property located, according to Washington County, Maryland land records, at 16220 Wright Road, Williamsport, Maryland, 21795-0000, also known as 10990 Hopewell Road, Hagerstown, Maryland, 21740. The property consists of almost 54 acres, upon which a large, currently vacant warehouse sits. The warehouse has a floor area of approximately 825,620 square feet. A Certificate of Inspection and Possession (CIP) inspection was completed by Dr. Elena Gold, in her capacity as a Supervisory Industrial Hygienist employed by ICE's Office of Management and Administration, on January 6, 2026, prior to the purchase.

2

7.    7    I am also aware of and have reviewed the Phase I Environmental Site Assessment (ESA) for the subject property. The ESA was prepared and reviewed under the American Society for Testing and Materials (ASTM), Practice E1527-21, Standard Practice for Environmental Site Assessments: Phase I Environmental Site Assessment Process (2021), as the baseline document for the environmental condition of the property prior to acquisition.

8.    As described below, ICE prepared a Record of Environmental Consideration (REC) for the acquisition of the property, reasonable repairs to the property, including to the roof and HVAC system on site, as well as measures for the security of the property.  The REC determined that these activities fit within DHS Categorical Exclusions.  While the REC included plans for retrofitting the warehouse to house up to 542 detainees, since the date of the REC, ICE has continued to develop its construction plan.  ICE will conduct additional NEPA analysis before it makes a final decision on its plan for retrofitting the warehouse for housing detainees.

9.    As of this date, no substantial work has been done at this facility. The first thing that must be done is to emplace fencing around the perimeter of the building for security.  This is necessary to protect the property. Along with fencing, ICE will need to install security cameras and have some fiberoptic cable laid for the building alarm system. In addition, repairs will need to be made to the building's HVAC system because it is not working properly. There are leaks in the roof and in the walls that need to be fixed.  Finally, there is a small amount of office space in the warehouse that would need to be reconfigured and equipped to make it useful for ICE purposes, but this work would be mainly drywall demolition and installation of communications wiring and workstations, and would be supported by the existing intrastructure..

10.    I understand that, at this time, a Temporary Restraining Order is in effect from the District Court of Maryland that has halted all work at the site until on or around April 16.  The

3

order is preventing any of the repairs and security measures discussed in the prior paragraph. My understanding is that any repairs to the property—repairs that would be required regardless of the use of the facility—and necessary security measures can be supported by existing infrastructure.

11.    As discussed above, ICE is still developing its plan for retrofitting the warehouse for detainees, including identifying the required upgrades to the warehouse for this purpose. Part of this assessment is the planned population for the facility—initial plans are for approximately 540 but the facility could ultimately house 1,500 detainees. Once those plans are nearer finalization, ICE will conduct additional NEPA analysis based on those plans before it makes a final decision on its plan for retrofitting the warehouse for housing detainees.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed at Washington, District of Columbia on April 2, 2026

ANDREW J
DEGREGORIO

Digitally signed by ANDREW J DEGREGORIO
Date: 2026.04.02 17:36:59 -04'00'

Andrew J. DeGregorio
Environmental Protection Specialist
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

4