**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| STATE OF MARYLAND, | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | *      Civil No. 26-733-BAH |
| MARKWAYNE MULLIN ET AL., | * |
| Defendants. | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

For the reasons stated on the record at the hearing and to be explained in a forthcoming memorandum opinion, it is this 15th day of April, 2026, ORDERED that:

(1) Amici's motions for leave to file amicus briefs, ECF 16 and ECF 20, are GRANTED;

(2) Plaintiff's motion for a preliminary injunction, ECF 15, is GRANTED insofar as:

   a. Defendants are enjoined during the pendency of this lawsuit from construction and renovation at the warehouse located at 16220 Wright Road, Williamsport, Maryland 21795 (the "Williamsport Warehouse") for the purposes of operating the warehouse as a detention and processing facility;

   b. This injunction does not prevent Defendants from installing security cameras and security lighting, laying fiberoptic cable within the warehouse for a building alarm system, repairing the warehouse's existing HVAC system, repairing leaks in the

roof and walls, installing communications wiring within the warehouse, and internal drywall demolition and installation;[1]

  c. All improvements excluded from this preliminary injunction must be narrowly tailored toward securing the warehouse from vandalism, arson, and/or graffiti as well as facilitating minor renovations related to increasing office space;

(3) Until further notice, the parties shall file a joint status report every twenty-one (21) days from the date of this order confirming compliance with the injunction and raising any concerns to the Court; and

(4) Plaintiff is ORDERED to pay a nominal security bond of $100.

        /s/

       Brendan A. Hurson
       United States District Judge

---

[1] As noted at the conclusion of today's hearing, the preliminary injunction does not prevent the installation of an eight-foot security fence for the purpose of preventing vandalism, arson, and graffiti at the Williamsport Warehouse. However, the Court instructs the parties to meet and confer regarding proposed fencing options and to inform the Court of any agreement. If no agreement is reached, the Court will provide more detail regarding fencing in the memorandum opinion it intends to issue. The Court notes that it will not interpret any agreement to a particular fencing option by the State of Maryland to constitute a waiver of its argument that fencing of any kind should not be installed at the Williamsport Warehouse.