**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

STATE OF MARYLAND,

      Plaintiff,

  v.

MARKWAYNE MULLIN, *et al.*,

      Defendants.

Case No. 1:26-cv-733

**DEFENDANTS' RESPONSE TO PLAINTIFF'S COMPLAINT (DKT. NO. 1)**

Defendants Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security; the United States Department of Homeland Security; the United States Immigration and Customs Enforcement; and Todd Lyons, in his official capacity as the Acting Director of the United States Immigration and Customs Enforcement respond to Plaintiff's February 23, 2026 "Complaint for Declaratory and Injunctive Relief," Dkt. No. 1 (the "Complaint") as follows:

1. Plaintiff challenges Defendants' Processing and Detention Facility Project between Hagerstown and Williamsport, Maryland ("Project"). Compl. ¶¶ 1-2, 5. Specifically, Plaintiff alleges Defendants violated the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA"). *See id.* ¶¶ 78-95.

2. Plaintiff brings its claims under the APA, 5 U.S.C. §§ 701-706. *See id.* ¶¶ 80, 91. Under the APA, the Court's task is not to find facts, but to review the Administrative Record that was before the federal agency at the time it made the challenged decision to determine whether, as a matter of law, the Administrative

Record supports the agency's decision or whether the agency's decision is arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). The Fourth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of agency action is limited to the Administrative Record. *See, e.g.*, *Fort Sumter Tours, Inc. v. Babbitt*, 66 F.3d 1324, 1335 (4th Cir. 1995) ("Judicial review of administrative action is generally confined to the administrative record." (citing *Fayetteville Area Chamber of Commerce v. Volpe*, 515 F2d 1021, 1024 (4th Cir. 1975) (in reviewing agency action under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." (citation omitted))).

3.      Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures—such as Answers to Complaints—used to find facts and resolve civil actions within the original jurisdiction of the federal district courts. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA); *see also Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) ("Allowing the allegations of a complaint [in an APA case] to become the focal point of judicial review introduces an unnecessary and inevitably unproductive step into the process. The relevant inquiry is—and must remain—not whether the facts set forth in a complaint state a plausible claim but, rather, whether the administrative record sufficiently supports the agency's decision.").

4.      In accordance with the standard for APA review, Defendants deny that the Project is arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. The Project complies with all applicable laws and regulations.

5.      Defendants deny all violations of federal law alleged in the Complaint's First Claim for Relief (Dkt. No. 1 ¶¶ 78-89) that the Project violates NEPA and the APA.

6.      Defendants deny all violations of federal law alleged in the Complaint's Second Claim for Relief (*id.* ¶¶ 90-95) that the Project violates the APA.

7.      Defendants deny that Plaintiff is entitled to any of the relief it seeks.

8.      Defendants generally deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

9.      This matter should proceed first with Defendants' preparation of additional NEPA analysis, then production of the Administrative Record, and finally, cross-motions for summary judgment to resolve Plaintiff's claims.

Dated: April 27, 2026                    ADAM R.F. GUSTAFSON
                                         Principal Deputy Assistant Attorney General
                                         U.S. Department of Justice
                                         Environment & Natural Resources Division


                                         */s/   Hayley A. Carpenter*
                                         HAYLEY A. CARPENTER
                                         Trial Attorney (CA Bar No. 312611)
                                         Natural Resources Section
                                         P.O. Box 7611
                                         Ben Franklin Station
                                         Washington, DC 20044
                                         (202) 598-3362
                                         hayley.carpenter@usdoj.gov

DEFS.' ANSWER                            3

SEAN C. DUFFY
Trial Attorney (NY Bar No. 4103131)
Natural Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 598-7291
sean.c.duffy@usdoj.gov

*Attorneys for Defendants*