**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STATE OF MARYLAND,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Defendants. | Case No. 1:26-cv-733 |

**JOINT STATUS REPORT**

Pursuant to the Court's June 3, 2026 Order (Dkt. No. 54), the parties hereby submit this Joint Status Report.

On April 15, 2026, the Court issued an order granting Plaintiff's request for a preliminary injunction. Dkt. No. 42. The Order specifically enjoins Defendants during the pendency of this lawsuit from construction and renovation at the Williamsport Warehouse for the purposes of operating the warehouse as a detention and processing facility. *Id.* at 1. The Order notes that the injunction does not prevent Defendants from performing various security and maintenance activities. *Id.* at 1-2. Defendants confirm that they are continuing to comply with the preliminary injunction Order and confirm that the activities that have occurred at the site since the May 27, 2026 Joint Status Report (Dkt. No. 51) are that representatives of the U.S. Immigration and Customs Enforcement and the contractor (KVG), conducted a site visit on June 11 to review project progress and ongoing operational requirements; Apple Valley Waste delivered dumpsters to the site on June 8 to support ongoing maintenance and site preparation activities related to work allowed pursuant to the preliminary injunction Order; and on June 8, Long Fence personnel

1

completed installation of temporary perimeter fencing around the facility. Ex. 1, Decl. of Shawn L. Byers ¶3 ("Byers Decl.").

In the preliminary injunction Order, the Court noted that the preliminary injunction does not prevent the installation of an eight-foot security fence for the purpose of preventing vandalism, arson, and graffiti at the Williamsport Warehouse. Dkt. No. 42 at 2, n.1. The Court instructed the parties to meet and confer regarding proposed fencing options and to inform the Court of the outcome of their discussions. *See* Dkt. No. 43 at 71, n.29. Plaintiff notes that the parties did not reach an agreement prior to installation of the above referenced temporary fence, and no notice was provided to the State prior to that undertaking.

The parties continue to confer on questions surrounding the installation of security fencing and will provide an update to the Court in the next regularly-scheduled joint status report, which is due Wednesday, July 8, 2026. In the meantime, Defendants represent "that they will not proceed with construction of a permanent fencing while the parties continue to confer on a permanent fence and until they have informed the Court of their agreement, or if no agreement is reached, they have informed the Court that there is no agreement and the Court has provided more detail regarding fencing." *See* Byers Decl. ¶ 4.

Dated: June 17, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
HAYLEY A. CARPENTER (CA Bar No. 312611)
Trial Attorneys
Natural Resources Section
P.O. Box 7611

Ben Franklin Station
Washington, DC 20044
(202) 598-7291 (Duffy)
(202) 598-3362 (Carpenter)
sean.c.duffy@usdoj.gov
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*


ANTHONY G. BROWN
Attorney General of Maryland

By: /s/ *Steven J. Goldstein*
Steven J. Goldstein (D. Md. Bar No. 32071)
Lauren Gorodetsky (D. Md. Bar No. 32172)
Robert N. Brewer (D. Md. Bar No. 31649)
Yasmin Dagne (D. Md. Bar No. 32016)
Michael Drezner (D. Md. Bar No 31784)
Adam Kirschner (D. Md. Bar No. 31767)
  Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6414
sgoldstein@oag.maryland.gov

Counsel for the State of Maryland