UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STATE OF MARYLAND,

Plaintiff,

v.

MARKWAYNE MULLIN, *et al*.,

Defendants.

Case No. 1:26-cv-733

**JOINT STATUS REPORT**

Pursuant to the Court's June 18, 2026 Paperless Order (Dkt. No. 57), the parties hereby submit this Joint Status Report.

On April 15, 2026, the Court issued an order granting Plaintiff's request for a preliminary injunction. Dkt. No. 42. The Order specifically enjoins Defendants during the pendency of this lawsuit from construction and renovation at the Williamsport Warehouse for the purposes of operating the warehouse as a detention and processing facility. *Id.* at 1. The Order notes that the injunction does not prevent Defendants from performing various security and maintenance activities. *Id.* at 1-2.

Defendants confirm that they are continuing to comply with the preliminary injunction Order and confirm that the activities that have occurred at the site since the June 17, 2026 Joint Status Report (Dkt. No. 56) are that employees of contractor KVG conducted site visits on June 17 and June 23 to check on the facility and to monitor project progress and coordinate ongoing activities. Ex. 1, Decl. of Shawn L. Byers ¶ 5 ("Byers Decl."). KVG personnel also completed grounds maintenance activities from June 16 through June 18. *Id.* In addition, other contractors

1

delivered and installed camera equipment for a temporary CCTV system from June 22 through June 30. *Id.* And DHS staff performed maintenance on DHS vehicles on July 1. *Id.*

In the preliminary injunction Order, the Court noted that the preliminary injunction does not prevent the installation of an eight-foot security fence for the purpose of preventing vandalism, arson, and graffiti at the Williamsport Warehouse. Dkt. No. 42 at 2, n.1. The Court instructed the parties to meet and confer regarding proposed fencing options and to inform the Court of the outcome of their discussions. *See* Dkt. No. 43 at 71, n.29. As previously noted, on June 8, 2026, Long Fence personnel completed installation of eight-foot high temporary perimeter fencing around the facility. *See* Ex. 1 (Byers Decl.) ¶ 3. Since that time, the status of the temporary fencing has remained unchanged. *Id.* ¶ 4. ICE is gathering information about a proposed permanent fencing solution for the site, and that process is not complete. *Id.* In the meantime, Defendants represent that "they will not proceed with construction of a permanent fencing while the parties continue to confer on a permanent fence and until they have informed the Court of their agreement, or if no agreement is reached, they have informed the Court that there is no agreement and the Court has provided more detail regarding fencing." *Id.*

Dated: July 8, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Sean C. Duffy*
SEAN C. DUFFY (NY Bar No. 4103131)
HAYLEY A. CARPENTER (CA Bar No. 312611)
Trial Attorneys
Natural Resources Section
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 598-7291 (Duffy)
(202) 598-3362 (Carpenter)

sean.c.duffy@usdoj.gov
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*


ANTHONY G. BROWN
Attorney General of Maryland

By: /s/ *Steven J. Goldstein*
Steven J. Goldstein (D. Md. Bar No. 32071)
Lauren Gorodetsky (D. Md. Bar No. 32172)
Robert N. Brewer (D. Md. Bar No. 31649)
Yasmin Dagne (D. Md. Bar No. 32016)
Michael Drezner (D. Md. Bar No 31784)
Adam Kirschner (D. Md. Bar No. 31767)
   Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland 21202
(410) 576-6414
sgoldstein@oag.maryland.gov

Counsel for the State of Maryland

3